BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division
ARUN G. RAO
Deputy Assistant Attorney General
GUSTAV W. EYLER
Director
Consumer Protection Branch
ALLAN GORDUS
Assistant Director
BRIANNA M. GARDNER
Trial Attorney
U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington,  D.C. 20044
Tel: 202-532-4786
Brianna.M.Gardner@usdoj.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>NATURAL  SOLUTIONS FOUNDATION, an organization, and RIMA LAIBOW,  and RALPH FUCETOLA, individuals,<br><br>  Defendants. | Civil  Action No. 2:20-cv-16016<br><br>Hon.  Julien X. Neals<br>Hon.  Edward S. Kiel |

## MOTION FOR ENTRY OF CONSENT DECREE

The parties have agreed to settle this matter pursuant to the terms set forth in the attached Consent Decree of Permanent Injunction.  The United States therefore respectfully requests that the Court enter the attached Consent Decree of Permanent Injunction.

DATED this 23rd day of December, 2021.

Respectfully submitted,

OF COUNSEL:

DANIEL J. BARRY
Acting General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel, Litigation
Food and Drug Administration

JACLYN E. MARTÍNEZ RESLY
Associate Chief Counsel for Enforcement
Department of Health and Human Services
Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Bldg. 32, Room 4397
Silver Spring, MD 20993
Phone: (301) 348-3932
Jaclyn.MartinezResly@fda.hhs.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

ALLAN GORDUS
Assistant Director

BRIANNA M. GARDNER
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 532-4786
Brianna.M.Gardner@usdoj.gov
Counsel for the United States of America

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

     Plaintiff,

          v.

NATURAL SOLUTIONS
FOUNDATION, an organization, and
RIMA LAIBOW, and RALPH
FUCETOLA, individuals,

     Defendants.

Civil Action No. 2:20-cv-16016

Hon. Julien X. Neals
Hon. Edward S. Kiel

## CONSENT DECREE OF PERMANENT INJUNCTION

Plaintiff, the United States of America, by its undersigned counsel, having filed a Complaint for Injunction against Natural Solutions Foundation, an organization, and Rima Laibow and Ralph Fucetola, individuals (collectively, "Defendants"), and Defendants having appeared and consented to entry of this Decree without contest and before any testimony has been taken and without admitting or denying the allegations in the Complaint, and the United States of America having consented to this Decree;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.     This Court has jurisdiction over the subject matter and all the parties to this action.

2.     The Complaint states a cause of action against Defendants under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. (the "Act").

3.     The Complaint alleges that Defendants violate 21 U.S.C. § 331(d) by introducing or causing to be introduced, or delivering for introduction or causing to be delivered for

introduction, into interstate commerce a new drug, as defined in 21 U.S.C. § 321(p), that is neither approved pursuant to 21 U.S.C. § 355 nor exempt from approval;

4.     The Complaint alleges that Defendants violate 21 U.S.C. § 331(a) by introducing or causing to be introduced, or delivering for introduction or causing to be delivered for introduction, into interstate commerce a drug that is misbranded within the meaning of 21 U.S.C. § 352(f)(1).

5.     Upon entry of this Decree, Defendants and each and all of their directors, officers, agents, representatives, trustees, employees, volunteers, attorneys, successors, and assigns, and any and all persons or entities in active concert or participation with any of them, who have received actual notice of this Decree by personal service or otherwise, are permanently enjoined under 21 U.S.C. § 332(a), and the inherent equitable authority of this Court, from directly or indirectly receiving, manufacturing, preparing, packing, labeling, holding, or distributing any articles of drug, at or from 58 Plotts Road, Newton, New Jersey 07860, or at or from any other location(s) at which Defendants now or in the future directly or indirectly receive, manufacture, prepare, pack, label, hold, or distribute articles of drug (hereafter, the "Facility"), unless and until:

A.     For all of Defendants' drugs, Defendants have an approved new drug application ("NDA") or an abbreviated new drug application ("ANDA"), pursuant to 21 U.S.C. § 355(b), (j), or an investigational new drug application ("IND") in effect pursuant to 21 U.S.C. § 355(i), for such drugs;

B.     Defendants report to FDA in writing: (i) the actions they have taken to correct the violations brought to Defendants' attention by FDA and any other source; and (ii) the actions they have taken to ensure that the claims on Defendants' product labels; labeling;

promotional material; websites and social media pages owned, created by, controlled by, or related to Defendants or their products, including, but not limited to, www.nsfmarketplace.com; www.drrimatruthreports.com; www.inhere.org; www.opensourcetruth.com; and www.truthaboutcoronavirus.com; and any other media over which Defendants have control do not cause any of their products to be a drug within the meaning of 21 U.S.C. § 321(g)(1) unless the drug is the subject of an FDA-approved new drug application, abbreviated new drug application, investigational new drug application, or is exempt from approval, and do not cause any of their products to be misbranded within the meaning of 21 U.S.C. § 352(f)(1);

C. As FDA determines it to be necessary, FDA representatives inspect Defendants' Facility, including buildings, equipment, products, labeling, and all relevant records contained therein; and/or Defendants' product labels; labeling; promotional material; websites and social media pages owned, created by, controlled by, or related to Defendants including, but not limited to, www.nsfmarketplace.com; www.drrimatruthreports.com; www.inhere.org; www.opensourcetruth.com; and www.truthaboutcoronavirus.com; and any other media over which Defendants have control, to determine whether the requirements of this Decree have been met and whether Defendants are operating in conformity with this Decree, the Act, and its implementing regulations;

D. Defendants have reimbursed FDA for the costs of all FDA inspections, investigations, supervision, analyses, examinations, and reviews that FDA deems necessary to evaluate Defendants' compliance with Paragraph 5, at the rates set forth in Paragraph 14; and

E. FDA notifies Defendants in writing that they appear to be in compliance with the requirements set forth in Paragraph 5.A-B and 5.D of this Decree. In no circumstance shall FDA's silence be construed as a substitute for written notification.

6.      Within six (6) business days after the entry of this Decree, Defendants shall submit to FDA for its review and approval a recall plan for Dr. Rima Recommends Nano Silver 10PPM ("nano silver product") that was distributed to consumers from January 22, 2020, through and including the date of entry of this Decree. The recall plan shall be submitted to FDA's Office of Regulatory Affairs/Office of Human and Animal Food Operations Division East 2 Recall Coordinator at orahafeast2recalls@fda.hhs.gov and shall include, but not be limited to, customer notifications, public warning, methods for conducting effectiveness checks, and plans for the disposition of recalled products. Defendants shall promptly implement any changes that FDA directs in such plan. Within six (6) business days after receiving FDA's approval of the recall plan, Defendants shall initiate a recall of their nano silver product in accordance with the approved recall plan. Within twenty-two (22) business days after initiating the recall, Defendants shall complete the recall. Defendants shall bear the costs of the recall. Defendants shall destroy the recalled product and all their nano silver product, including components and raw and in-process materials and finished product, in Defendants' possession, custody, or control in accordance with the procedures provided in Paragraph 7.

7.      Within fifteen (15) business days after completing the recall of Defendants' nano silver product as described in Paragraph 6, Defendants shall give notice to FDA that, under FDA's supervision (which may be done by email or other means as FDA determines to be appropriate), Defendants are prepared to destroy all their nano silver product, including components and raw and in-process materials and finished product, in Defendants' possession, custody, or control. Defendants' notice shall specify the proposed time, place, and method of destruction ("Destruction Plan"). Defendants shall not commence or permit any other person to commence destruction until they have received written authorization from FDA to commence the

4

destruction. Within fifteen (15) business days after receiving written authorization from FDA to commence destruction, Defendants shall, under FDA's supervision (which may be done by email or other means as FDA determines to be appropriate), complete the destruction in compliance with the FDA-authorized Destruction Plan. Defendants shall not dispose of any of their nano silver product (including components and raw and in-process materials and finished product) in a manner contrary to the provisions of the Act, any other federal law, or the laws or any State or Territory, as defined in the Act, in which the articles of nano silver product are disposed. Defendants shall bear the costs of destruction and FDA's supervision thereof at the rates set forth in Paragraph 14.

8.      Upon entry of this Decree, Defendants, and all of their directors, officers, agents, representatives, trustees, employees, volunteers, attorneys, successors and assigns, and any and all persons or entities in active concert or participation with any of them, are permanently enjoined under 21 U.S.C. § 332(a) from directly or indirectly doing or causing to be done any of the following acts:

A.      Violating 21 U.S.C. § 331(d) by introducing or causing to be introduced, or delivering for introduction or causing to be delivered for introduction, into interstate commerce a new drug, as defined in 21 U.S.C. § 321(p), that is neither approved pursuant to 21 U.S.C. § 355 nor exempt from approval;

B.      Violating 21 U.S.C. § 331(a) by introducing or causing to be introduced, or delivering for introduction or causing to be delivered for introduction, into interstate commerce a drug, as defined in 21 U.S.C. § 321(g)(1), that is misbranded within the meaning of 21 U.S.C. § 352(f)(1); and

C.     Failing to implement and continuously maintain the requirements of this Decree, the Act, and its implementing regulations.

9.     After complying with the requirements of Paragraph 5.A-B and 5.D and receiving the notification from FDA pursuant to Paragraph 5.E, Defendants shall retain, at their expense, an independent person or persons (the "Auditor") who may or may not be the same person as the Labeling Expert and who is qualified by education, training, and experience to determine whether Defendants' labels, labeling, promotional material, and websites cause Defendants' products, including but not limited to Defendants' nano silver product, to be unapproved new drugs and misbranded drugs; and whether Defendants are directly or indirectly responsible for receiving, manufacturing, preparing, packing, labeling, holding, or distributing unapproved new drugs and misbranded drugs, including but not limited to their nano silver product. The Auditor shall be without personal or financial ties (other than a consulting agreement between the parties) to any Defendant or any of Defendants' employees, trustees, volunteers, or families. Defendants shall notify FDA in writing of the identity of the Auditor within ten (10) business days of retaining such Auditor. Thereafter:

A.     Defendants shall ensure that the Auditor shall inspect Defendants' product labels; labeling; promotional material; websites and social media pages owned, created by, controlled by, or related to Defendants or their products, including, but not limited to, www.nsfmarketplace.com; www.drrimatruthreports.com; www.inhere.org; www.opensourcetruth.com; and www.truthaboutcoronavirus.com; and any other locations at which Defendants, now or in the future, directly or indirectly engage in labeling, holding, and/or distributing drugs, no less frequently than once every six (6) months for a period of no less than

five (5) years (the "Audit Inspections").  The first Audit Inspection shall occur no more than six (6) months after Defendants' receipt of FDA's written notification pursuant to Paragraph 5.E;

B.      At the conclusion of each Audit Inspection, Defendants shall ensure that the Auditor prepares a detailed written audit report ("Audit Report") analyzing whether Defendants are in compliance with this Decree, the Act, and its implementing regulations, and identifying any deviations from such requirements ("Audit Report Observations") and shall provide a list of all materials reviewed, including all websites and social media, as well as copies of all such materials.

C.      Defendants shall ensure that each Audit Report contains a written certification that the Auditor has personally reviewed all of Defendants' product labels; labeling; promotional material; websites and social media pages owned, created by, controlled by, or related to Defendants including, but not limited to, www.nsfmarketplace.com; www.drrimatruthreports.com; www.inhere.org; www.opensourcetruth.com; and www.truthaboutcoronavirus.com; and any other locations at which Defendants, now or in the future, directly or indirectly engage in labeling, holding, and/or distributing drugs, and personally certifies (1) whether they contain claims that cause any of Defendants' products, including but not limited to their nano silver product, to be drugs within the meaning of the Act and, if so, whether those drugs are unapproved new drugs within the meaning of the Act; and (2) whether Defendants are directly or indirectly receiving, manufacturing, preparing, packing, labeling, holding, or distributing their nano silver product or other products that are misbranded within the meaning of the Act.

D.      Defendants shall ensure that the Audit Reports are delivered contemporaneously to Defendants and FDA by courier service or overnight delivery service, no

later than ten (10) business days after the date the Audit Inspection is completed. Additionally, Defendants shall maintain the Audit Reports in separate files at Defendants' Facility and shall promptly make the Audit Reports available to FDA upon request; and

   E. If an Audit Report contains any Audit Report Observations indicating that Defendants' products are not in compliance with this Decree, the Act, or its implementing regulations, Defendants shall immediately cease such activity.

   10. If, at any time after this Decree has been entered, FDA determines, based on the results of an inspection, a review of Defendants' products, product labels, labeling, websites, or social media pages owned or controlled by Defendants, a report prepared by Defendants' Auditor, or any other information, that Defendants have failed to comply with any provision of this Decree, have violated the Act or its implementing regulations, or that additional corrective actions are necessary to achieve compliance with this Decree, the Act, or its implementing regulations, FDA may, as and when it deems necessary, notify Defendants in writing of their noncompliance and order Defendants to take appropriate corrective actions, including, but not limited to, ordering Defendants to immediately take one or more of the following actions:

   A. Cease receiving, manufacturing, preparing, processing, packing, labeling, holding, and/or distributing any or all drugs;

   B. Recall, at Defendants' expense, any drug that is an unapproved new drug, misbranded, or otherwise in violation of this Decree, the Act, or its implementing regulations;

   C. Revise, modify, expand, or continue to submit any reports or plans prepared pursuant to this Decree;

   D. Submit additional reports or information to FDA as requested;

   E. Issue a safety alert; and/or

F.      Take any other corrective actions as FDA, in its discretion, deems necessary to protect the public health or bring Defendants into compliance with this Decree, the Act, or its implementing regulations.

The provisions of this paragraph shall be separate and apart from, and in addition to, all other remedies available to FDA. Defendants shall pay all costs of recalls and other corrective actions, including the costs of FDA's supervision, inspections, investigations, analyses, examinations, review, travel, and subsistence expenses to implement and monitor recalls and other corrective actions, at the rates specified in Paragraph 14.

11.     Upon receipt of any order issued by FDA pursuant to Paragraph 10, Defendants shall immediately and fully comply with the terms of the order. Any cessation of operations or other action described in Paragraph 10 shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with this Decree, the Act, and its implementing regulations, and that Defendants may resume operations.

12.     Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to inspect Defendants' Facility and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree, the Act, and its implementing regulations. During such inspections, FDA representatives shall be permitted to: have immediate access to buildings, including but not limited to 58 Plotts Road, Newton, New Jersey 07860, equipment, raw ingredients, in-process materials, finished products, containers, packaging material, labeling, and other promotional material therein; take photographs and make video recordings; take samples of Defendants' in-process materials or unfinished and finished products, containers, packaging material, labeling, and other promotional material; and examine and copy all records relating to the receiving, manufacturing, preparing,

packing, labeling, holding, or distributing of any and all drugs and their components. The inspections shall be permitted upon presentation of a copy of this Decree and appropriate credentials. The inspection authority granted by this Decree is separate and apart from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

13.     Defendants shall promptly, and no later than ten (10) business days after any FDA request, provide any information or records to FDA regarding Defendants' labels, labeling, promotional materials, websites or social media pages, and any other media over which Defendants have control, containing representations about the intended use(s) of Defendants' products; as well as the receipt, manufacture, preparing, packing, repacking, labeling, holding, and distribution of Defendants' products, including components.

14.     Defendants shall reimburse FDA for the costs of supervision, inspection, investigation, review, examination, and analyses conducted pursuant to this Decree or that FDA deems necessary to evaluate Defendants' compliance with this Decree at the standard rates prevailing at the time the activities are accomplished. As of the date this Decree is entered, these rates are: $102.39 per hour and fraction thereof per representative for inspection and supervision work; $122.71 per hour and fraction thereof per representative for laboratory and analytical work; $0.56 per mile plus tolls for travel expenses for travel by automobile; the government rate or equivalent for travel by air or other means; and the published government per diem rate for subsistence expenses, where necessary. In the event that the standard rates generally applicable to FDA supervision, inspection, review, examination, or analysis are modified, these rates shall be increased or decreased without further order of the Court. Defendants shall pay any such costs within ten (10) business days after being presented with an invoice for such costs from FDA.

15.     Within seven (7) business days after the entry of this Decree, Defendants shall post a copy of this Decree (a) on the homepage of their websites www.nsfmarketplace.com; www.drrimatruthreports.com; www.inhere.org; www.opensourcetruth.com; and www.truthaboutcoronavirus.com, and on the homepage of any other website at which Defendants conduct business, and (b) in a common area at Defendants' Facility and at any other location at which Defendants conduct business, and shall ensure that the Decree remains posted for as long as the Decree remains in effect. Within fifteen (15) business days after entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph, including but not limited to the identification of the websites on which the Decree was posted.

16.     Defendants shall notify FDA in writing, at least ten (10) business days before the creation of a new website (or link or reference, direct or indirect, to another website or other source) that conveys information about Defendants' nano silver product or any other of Defendants' drugs ("new website"). Defendants shall post a copy of this Decree on any new website on the first day it is accessible to consumers. Within ten (10) business days after the creation of any new website, Defendants shall provide to FDA an affidavit, from a person with knowledge of the facts stated therein, stating the fact and manner of compliance with this paragraph.

17.     Within fifteen (15) business days after the entry of this Decree, Defendants shall hold a general meeting or series of smaller meetings (to include telephone or video calls) for all employees and volunteers at which they shall describe the terms and obligations of this Decree. Within twenty (20) business days after the entry of this Decree, Defendants shall provide to FDA an affidavit, from a person with knowledge of the facts stated therein, stating the fact and manner

of compliance with this paragraph and a copy of the agenda, list of attendees, and meeting minutes from the meeting(s) held pursuant to this paragraph.

18.     Within fifteen (15) business days after the entry of this Decree, Defendants shall provide a copy of the Decree by personal service, certified mail (restricted delivery, return receipt requested), or email (delivery and read receipt requested) to each and all of their directors, officers, agents, representatives, trustees, employees, volunteers, attorneys, successors and assigns, and any and all persons or entities in active concert or participation with any of them (collectively, "Associated Person(s)"). Within twenty-five (25) business days after the date of entry of this Decree, Defendants shall provide to FDA an affidavit stating the fact and manner of their compliance with this paragraph, identifying the names, addresses, and positions of all persons who have received a copy of this Decree.

19.     In the event that any Defendant becomes associated with any additional Associated Person(s) at any time after entry of this Decree, Defendants shall, within ten (10) business days after the commencement of such association, provide a copy of this Decree, by personal service, certified mail (restricted delivery, return receipt requested), or email (delivery and read receipt requested) to such Associated Person(s), and provide to FDA an affidavit stating the fact and manner of compliance with this paragraph, identifying the names, addresses, and positions of all Associated Person(s) who received a copy of this Decree pursuant to this paragraph.

20.     Defendants shall notify FDA in writing at least fifteen (15) business days before any change in ownership, name, or character of their business that occurs after entry of this Decree, including an incorporation, reorganization, creation of a subsidiary, relocation, dissolution, bankruptcy, assignment, sale, or any other change in the structure or identity of the

company, or the sale or assignment of any business assets, such as buildings, equipment, or inventory that may affect obligations arising out of this Decree. Defendants shall provide a copy of this Decree to any prospective successor or assign at least twenty (20) business days prior to any sale or assignment. Defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than ten (10) business days prior to such assignment or change in ownership.

21.     All notifications, correspondence, and communications to FDA required by the terms of this Decree shall be prominently marked "Decree Correspondence" and reference this civil action by case name and civil action number, and shall be sent to: Director, Compliance Branch, Office of Human and Animal Food Operations, Division East 2, Office of Regulatory Affairs, Food and Drug Administration, 6000 Metro Drive, Suite 101, Baltimore, Maryland 21215.

22.     All deadlines in this Decree may be extended or shortened by mutual consent of FDA and Defendants in writing, without leave of Court.

23.     Should the United States bring and prevail in a contempt action to enforce the terms of this Decree, Defendants shall, in addition to other remedies, reimburse the United States for its attorneys' fees (including overhead), investigational and analytical expenses, expert witness fees, and court costs relating to such contempt proceedings.

24.     Defendants shall abide by the decisions of FDA, and FDA's decisions shall be final. All decisions conferred upon FDA in this Decree shall be vested in FDA's discretion and, if contested, shall be reviewed by this Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A). Review by the Court of any FDA decision rendered pursuant to this Decree shall be based exclusively on the written record before FDA at the time the decision was made. No discovery shall be taken by either party.

25.     This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

**DONE AND ORDERED** on this 27th day of December 2021.

*** **The Clerk of Court is directed to list this matter as CLOSED.**

HONORABLE JULIEN XAVIER NEALS
United States District Judge

We hereby consent to entry of the foregoing Decree:

FOR DEFENDANTS:

FOR PLAINTIFF:

_____

RIMA LAIBOW
Individually and on behalf of
Natural Solutions Foundation

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

_____

RALPH FUCETOLA
Individually and on behalf of
Natural Solutions Foundation

GUSTAV W. EYLER
Director
Consumer Protection Branch

ALLAN GORDUS
Assistant Director

_____

NEIL GROSSMAN
Bronstein, Gewirtz & Grossman, LLC
144 North Beverwyck Road Lake, Ste. 187
Lake Hiawatha, New Jersey 07034
(973) 335-6409
neil@bgandg.com
Attorney for Natural Solutions Foundation

BRIANNA M. GARDNER
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 532-4786
Brianna.M.Gardner@usdoj.gov
Counsel for the United States of America

OF COUNSEL:

DANIEL J. BARRY
Acting General Counsel
Department of Health and Human Services

PERHAM GORJI
Deputy Chief Counsel, Litigation
Food and Drug Administration

JACLYN E. MARTÍNEZ RESLY
Associate Chief Counsel for Enforcement
Department of Health and Human Services
Office of the Chief Counsel
Food and Drug Administration
10903 New Hampshire Avenue
Bldg. 32, Room 4397
Silver Spring, MD 20993
Phone: (301) 348-3932
Jaclyn.MartinezResly@fda.hhs.gov

We hereby consent to entry of the foregoing Decree:

FOR DEFENDANTS:

RIMA LAIBOW
Individually and on behalf of
Natural Solutions Foundation

_____

RALPH FUCETOLA
Individually and on behalf of
Natural Solutions Foundation

_____

NEIL GROSSMAN
Bronstein, Gewirtz & Grossman, LLC
144 North Beverwyck Road Lake, Ste. 187
Lake Hiawatha, New Jersey 07034
(973) 335-6409
neil@bgandg.com
Attorney for Natural Solutions Foundation

FOR PLAINTIFF:

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

ALLAN GORDUS
Assistant Director

_____

BRIANNA M. GARDNER
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 616-0295
Brianna.M.Gardner@usdoj.gov
Counsel for the United States of America

15

We hereby consent to entry of the foregoing Decree:

FOR DEFENDANTS:

_____

RIMA LAIBOW
Individually and on behalf of
Natural Solutions Foundation

_____

RALPH FUCETOLA
Individually and on behalf of
Natural Solutions Foundation

_Neil_ _12/17/21_
NEIL GROSSMAN
Bronstein, Gewirtz & Grossman, LLC
144 North Beverwyck Road Lake, Ste. 187
Lake Hiawatha, New Jersey 07034
(973) 335-6409
neil@bgandg.com
Attorney for Natural Solutions Foundation

FOR PLAINTIFF:

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

ALLAN GORDUS
Assistant Director

_____

BRIANNA M. GARDNER
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
(202) 616-0295
Brianna.M.Gardner@usdoj.gov
Counsel for the United States of America

15

We hereby consent to entry of the foregoing Decree:

FOR DEFENDANTS:

FOR PLAINTIFF:

_____
RIMA LAIBOW
Individually  and on behalf of
Natural Solutions  Foundation

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil  Division

_____
RALPH FUCETOLA
Individually  and on behalf of
Natural Solutions  Foundation

ARUN G. RAO
Deputy Assistant Attorney General

GUSTAV W. EYLER
Director
Consumer Protection Branch

ALLAN GORDUS
Assistant Director

_____
NEIL GROSSMAN
Bronstein,  Gewirtz & Grossman, LLC
144 North Beverwyck Road Lake, Ste. 187
Lake Hiawatha, New Jersey 07034
(973) 335-6409
neil@bgandg.com
Attorney for Natural Solutions  Foundation

_____
BRIANNA M. GARDNER
Trial Attorney
Consumer Protection Branch
Civil  Division
U.S. Department of Justice
P.O. Box 386
Washington,  D.C. 20044
(202) 616-0295
Brianna.M.Gardner@usdoj.gov Counsel
for the United States of America